UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MIKE GINES, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED** | **CIVIL ACTION** |
| | **NUMBER 08-598-RET-DLD** |
| **VERSUS** | |
| **D.R. HORTON, INC., ET AL.** | |

### MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiff's motion to remand (rec. doc. 8) and defendants' motion to strike or limit use of affidavit of Robert Michael "Mike" Gines (rec. doc. 21). Both motions are opposed. Defendants' removed this alleged class action based on diversity jurisdiction. The parties agree that diversity of citizenship is satisfied. Thus, the issue before the court is whether plaintiff's claims against defendants satisfy the amount in controversy as required for diversity jurisdiction, 28 U.S.C. §1332.

**Background**

On or about November 21, 2006, plaintiff purchased a new home constructed by defendant D. R. Horton, Inc. (D.R. Horton) in Forrest Ridge Subdivision in Denham Springs, Louisiana. (rec. doc. 6-8). The heating and cooling system in the home was installed by defendant Reliant Heating and Air Conditioning of Louisiana, L.L.C. (Reliant). Plaintiff alleges that pursuant to state law, defendant D. R. Horton warranted the plumbing, electrical, heating, cooling, and ventilating systems in the home for two years after the sale. Plaintiff found the heating and cooling system installed by Reliant to be defective in that it did not have the capacity to effectively maintain an appropriate temperature in the home.

Plaintiff contends that he made written demand on D.R. Horton for the installation of a proper heating and cooling system to no avail. As a result, plaintiff filed suit against D. R. Horton and Reliant in the 21st Judicial District Court, Parish of Livingston, State of Louisiana, individually and on behalf of other residents of the Forrest Ridge community who suffered similar damages. Plaintiff alleges that had he been informed "that he would not be able to obtain proper heating and cooling, he would not have purchased the home from D.R. Horton" or that he would have bought the home at a reduced price (rec. doc. 6-8). Plaintiff's petition contains claims under the New Home Warranty Act (NHWA) for defects in the workmanship in the home, redhibition, and fraud. Plaintiff seeks compensatory damages, including reimbursement for the increased energy bills and physical discomfort caused by inadequate heating and cooling in the home, equitable and injunctive relief requiring defendant to honor its express warranty, reasonable attorneys' fees, costs, and expenses incurred in connection with this suit, and interest.

Defendant Reliant filed its notice of removal on September 23, 2008, based on diversity and supplemental jurisdiction. See 28 U.S.C. §§1332, 1367 (rec. docs. 1 and 2). Defendant filed an amended notice of removal on September 29, 2008, properly setting forth the citizenship of the parties (rec. doc. 6). On October 20, 2008, plaintiff filed a motion to remand (rec. doc. 8). Defendants opposed the motion to remand and filed a motion to strike or limit use of the affidavit of Mike Gines offered in support of the motion to remand (rec. doc. 21). The motion to remand and the motion to strike or limit use of affidavit are now before the court for a report and recommendation.

**Argument of the Parties**

Plaintiff argues that this court does not have diversity jurisdiction over this matter because the amount in controversy is not satisfied (rec. doc. 9). Plaintiff notes that in diversity-based class actions, each class representative must satisfy the amount in controversy, and the potential recovery of each class member cannot be aggregated to the class representative. Plaintiff suggests that neither he nor any other member of the class assert claims with the amount in controversy exceeding $75,000 and, therefore, exercising supplemental jurisdiction over the remaining class members is not proper. Plaintiff submits his affidavit to show that he seeks to be compensated for the replacement of the deficient air conditioning and heating system (approximately $15,000) and for the excessive energy bills that were incurred as a result of the deficient system. In his memorandum, plaintiff states that he is not seeking rescission of the sale of his home; thus defendants have failed to show facially or by facts in controversy that the amount in controversy exceeds $75,000. Additionally, plaintiff argues that defendants have failed to prove that the aggregation of any attorneys' fees incurred in connection with this class action would result in the amount in controversy being satisfied.

Defendants respond by pointing out that plaintiff failed to allege that the damage amount sought was less than $75,000 in order to establish the lack of jurisdiction in federal court as required by La. C. C.P. 893(A)(1) (rec. doc. 20).[1] Defendants further argue that

---

[1] La. C.C.P. article 893(A)(1) provides as follows: "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. *The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.* By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate."

it is facially apparent from plaintiff's petition that he seeks rescission of the sale of his home, in addition to other potential remedies. Defendant offers the affidavit of an employee of D.R. Horton to prove that the purchase price of plaintiff's home was $180,950; thus rescission of the sale alone would satisfy the amount in controversy. Additionally, plaintiff seeks damages for physical discomfort, increased energy costs, and attorneys' fees, which can be attributed to the class representative (plaintiff) for purposes of establishing the amount in controversy. Defendant offers the affidavit of a Reliant employee who states that D. R. Horton sold 136 homes in the Forrest Ridge subdivision which contained heating and air conditioning units installed by Reliant. Defendant therefore suggests that the class attorneys' fees alone would meet the amount in controversy when attributed to plaintiff.

Defendant seeks to strike the Gines affidavit offered to establish the amount in controversy as an inadmissible, post-removal representation that seeks to reduce the amount in controversy. Alternatively, defendant argues that the information in the affidavit can be used to establish the attorneys' fees, which would meet the amount in controversy.

**Law and Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). Diversity jurisdiction exists in cases involving "citizens of different states" where the amount in controversy exceeds $75,000. See 28 U.S.C. §1332. The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds

$75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998).

The first requirement under 28 U.S.C. §1332 is that the parties be of diverse citizenship, which must exist at the time the action is commenced and at the time of removal to federal court. *Coury v. Port*, 85 F.3d 244 (5th Cir. 1996). The parties agree that diversity of citizenship is satisfied in this case.[2] Thus, the only question for the court is whether the amount in controversy is satisfied.

The Fifth Circuit has established a clear framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000). The defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount. Id. at 883. If the removing defendant carries his burden, then the case can be remanded only where plaintiff proves to a legal certainty that the amount in controversy at the time of removal nonetheless fell below $75,000. See *Manguno v Prudential Property and Casualty Co.*, 276 F.3d 720, 724 (5th Cir. 2002). He may establish this by identifying a statute or by filing a binding stipulation that so limits his recovery. Id. Post-removal affidavits may be considered in determining the amount in controversy only if the basis for jurisdiction is ambiguous at the time of removal. *Id.* at 883 (citations omitted). If it is facially apparent from

---

[2] The petition alleges that plaintiff is a citizen of Louisiana (rec. doc. 6-8). The amended notice of removal alleges that D.R. Horton, Inc. is incorporated in Delaware and has its principal place of business in Texas; Reliant is a limited liability company whose sole member is Reliant Heating & Air Conditioning, Inc., which is incorporated in and has its principal place of business in Texas (rec. doc. 6). Thus, diversity of citizenship is satisfied.

the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the dollar amount do not deprive the court of jurisdiction. Id., citing *St Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289-90, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

Both parties agree that aggregation of damages to meet the amount in controversy is not allowed, but that the claim of each class member must meet the amount in controversy. *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864 (5th Cir. 2002). The parties also agree that "where the other elements of jurisdiction are met and at least one named plaintiff in a class action satisfies the amount in controversy requirement, 28 U.S.C. §1367 authorizes supplemental jurisdiction over claims of other plaintiffs even if they are for less than the jurisdictional amount." *Exxon Mobil Corp. v. Allapattah Services*, 545 U.S. 546, 558-560, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). The parties further agree that the court can attribute the attorneys' fees recoverable in the class action to the class representative for the purpose of establishing the amount in controversy. *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 876 (5th Cir. 2002); *In re Abbot Labs.*, 51 F. 3d 524 (5th Cir. 1995).³ Although not acknowledged in the briefs, the court notes that pursuant to 28 U.S.C. §1367(b), the court cannot exercise supplemental jurisdiction over co-defendants; therefore, each defendant must meet the amount in controversy requirement on its own without consideration of the other. The court thus looks to each defendant to determine whether or not the requisite amount in controversy has been met.

---

³ The court in *Grant* held, "[I]n connection with a Louisiana class action suit that asserts a cause or causes of action for which there is no separate attorney's fees provision under Louisiana law, attorney's fees are nevertheless ... attributable to the class representatives for purposes of the court's calculation of the amount in controversy. *Grant*, 309 F.3d 876; *In re: 1994 Exxon Chemical Fire*, 558 F.3d 378, 390 (5th Cir. 2009). Plaintiff, however, has brought claims under the NHWA, redhibition, and fraud, all of which provide for the recovery of attorneys' fees.

<u>D.R. Horton</u>:

Plaintiff's petition states that "[h]ad defendants informed Gines that he would not be able to obtain proper heating and cooling, he would not have purchased the home from D. R. Horton" (rec. doc. 6-8). Further, under "Count Two: Warranty Against Redhibitory Defects," plaintiff cites to the portion of La. C.C. art. 2520, which provides as follows:

> The seller warrants the buyer against redhibitory defects, or vices, in the thing sold. A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect.

Pursuant to La. C.C. art 2520, "the existence of such a defect gives a buyer the right to obtain rescission of the sale." Plaintiff states twice under "Count Three: Fraud" that he would not have purchased the home if the defect in the cooling and heating system had been disclosed (rec. doc. 6-9, ¶ 36 and 38). All of the statements that the plaintiff would not have bought the house had he known of the defect support a claim for rescission of the sale.

In addition to rescission, plaintiff also asserts an alternative claim for reduction in the purchase price, which is also a remedy under redhibition (rec. doc. 6-9). Plaintiff seeks damages to compensate him for the increased energy bills and physical discomfort caused by the defective system. Finally, plaintiff seeks attorneys' fees, costs, and expenses.

Plaintiff cannot alter the plain words of his petition by a post-removal explanation that he did not really intend to seek what he so clearly claimed. A review of plaintiff's petition indicates that he is seeking rescission of the sale, in addition to other available remedies. Although plaintiff did not include the actual sales price in his petition, it is more likely than not that rescission of the sale (if awarded) and the attorneys' fees associated with plaintiff's claim would satisfy the amount in controversy requirement.

In the event the it is not facially apparent that a new home would cost in excess of $75,000, defendant relies on additional facts and evidence to help establish the amount in controversy. First, defendants offer the affidavit of a D. R. Horton employee who states that the sales price of Gines' home was $180,950. Second, defendants show that there are approximately 136 putative class members (rec. doc. 20-2). Since attorney fees for the entire class can be attributed to the representative for purposes of calculating the amount in controversy, the claims against D. H. Horton are easily in excess of $75,000.

Reliant:

Plaintiff's petition indicates that his claim against Reliant is for the damage caused by the defective cooling and heating system, increased energy bills, physical discomfort, and attorneys' fees. The actual cost of the cooling system is contained in the disputed affidavit submitted by plaintiff, which provides that plaintiff paid $15,000 to purchase a new system and necessary parts, to install the system, and to replace defective duct work in his home (rec. doc. 9-2).[4] Reimbursement in this amount alone would not be sufficient to meet the amount in controversy, but attorneys' fees must also be considered.

Defendants contend that the attorneys' fees attributable to the class representative plaintiff would satisfy the amount in controversy in two ways: (1) the $75,000 amount in

---

[4] Although defendants object to the Gines' affidavit as a post-removal modification of the damages sought, they argue that the affidavit is admissible for the purpose of clarifying plaintiff's claims regarding the expenses incurred in connection with replacing the cooling and heating system. The Gines' affidavit attempts to limit the damages sought from each defendant to the cost incurred in replacing the cooling and heating system ($15,000) and the increased energy bills, but the affidavit does not affirmatively state that Gines is not seeking a claim for rescission of the sale of the home as suggested in the petition. Moreover, defendants have established the amount in controversy and plaintiff can only defeat diversity jurisdiction by showing to a legal certainty that the amount in controversy does not exceed $75,000. Plaintiff's affidavit, although useful to establish certain facts, does not show to a legal certainty that the amount in controversy does not exceed $75,000. Furthermore, even if the claim against D. R. Horton could somehow be limited to $15,000 or so, the aggregated attorney fees for the class would quickly raise the total in excess of $75,000 for the same reasons it does so as to Reliant.

controversy would be met if each of the 136 putative class members[5] incurred only $504 in attorneys' fees, or (2) if each of the 136 putative class members incur expenses similar to plaintiff in the amount of $15,000, the damage award would total $2,040,000, and a 20% attorney fee award would equal $408,000. Both of the methods for determining potential attorneys' fees suggested by defendant seem reasonable and are based on facts set forth in the petition, notice of removal, and supporting affidavits. Thus, defendants have proven by a preponderance of the evidence that the potential attorneys' fees incurred in this matter and attributable to the class representative (plaintiff) would satisfy the amount in controversy as to Reliant.

The final question is whether plaintiff has demonstrated to a legal certainly that he cannot recover more than $75,000. Plaintiff offers his own affidavit to clarify his claims and to explain that he seeks reimbursement only in the amount of $15,000 for the replacement system and damages for the excessive energy bills incurred due to the defective system (rec. doc. 9-2, Exhibit A). Apart from the obvious difficulty presented by the plain language of the petition repeatedly calling for rescission of the sale of the house, plaintiff's affidavit does not address the potential attorneys' fees recoverable from each of the defendants, which is in an amount sufficient for each defendant to meet the requisite amount in controversy. Moreover, plaintiff does not point to a statute or any authority that would serve

---

[5] Plaintiff seeks to certify a class of "all similarly affected persons who reside in the community of Forrest Ridge" (rec. doc. 6-8). Plaintiff represents that his claims are typical of the claims of the class. Plaintiff further represents that common questions of law and fact exist as to all members because plaintiffs all bought new homes from D. R. Horton in Livingston Parish, and all homes were equipped with air conditioning units that were installed by Reliant. Id. Defendants offer the affidavit of a Reliant employee who states that D.R. Horton sold 136 homes in Forrest Ridge Subdivision, each of which included a hearing and air conditioning system installed by Reliant (rec. doc. 20-2).

to restrict his recovery to less than $75,000.[6]  For these reasons, plaintiff has failed to demonstrate to a legal certainty that he cannot recover more than the jurisdictional amount.  Accordingly,

    **IT IS RECOMMENDED** that the motion to remand (rec. doc. 8) should be **DENIED**;

    **IT IS FURTHER RECOMMENDED** that the motion to strike or limit use of affidavit of  Mike Gines (rec. doc. 21) should be **DENIED**.

    Signed in Baton Rouge, Louisiana, on June 2, 2009.

                                  **MAGISTRATE JUDGE DOCIA L. DALBY**

---

[6] Although plaintiff's affidavit failed to prove to a legal certainty that plaintiff could not recover more than the jurisdictional limit, it was helpful to establish the amount plaintiff spent for a replacement system and to determine the amount of potential attorneys' fees.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MIKE GINES, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED** | **CIVIL ACTION** |
| | **NUMBER 08-598-RET-DLD** |
| **VERSUS** | |
| **D.R. HORTON, INC., ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 2, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**