UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MIKE GINES                                       CIVIL ACTION

VERSUS                                            No. 08-598

D.R. HORTON, INC., ET AL.

## RULING ON MOTION FOR RECONSIDERATION

This matter is presently before the Court on plaintiff Mike Gines' ("Gines") motion for reconsideration (Doc. 64) of this Court's July 28, 2011 ruling granting defendant D.R. Horton, Inc.'s ("Horton") motion to dismiss (Doc. 62). In that ruling, the Court found the Louisiana New Home Warranty Act ("NHWA") provides the exclusive remedy for Gines' complaint. The Court further found that Gines did not state a claim under the NHWA.

Federal Rule of Civil Procedure 54(b) provides that courts may reconsider interlocutory orders or decisions. Courts thus retain jurisdiction over all the claims in a suit and may alter its earlier decisions until final judgment has been issued. *See Livingston Downs v. Jefferson Downs*, 259 F.Supp.2d 471, 475 (M.D. La. 2002) (citing *Zapata Gulf Marine, Inc.*, 925 F.2d 812, 815 (5th Cir. 1991). District courts have consideration discretion in deciding whether to reconsider an interlocutory order. *Id.* Motions for reconsideration based upon the same arguments merely waste the limited time and resources of the Court. *van Heerden v. Bd. of Sup'rs of La. State Univ. and Agricultural and Mechanical College*, No. 10-155, 2010 WL 2545746, at *1 (M.D. La. June 21, 2010). Similarly, courts generally decline to

consider arguments raised for the first time on reconsideration without adequate justification. *McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. September 13, 2011).

Gines moves to reconsider, asserting this Court made its ruling "without considering the terms of the written contract and whether the 'physical damage' limitation of the [NWHA] was superseded by the express terms of the contract." (Memo. in Supp. of Motion for Reconsideration, Doc. 64-2, p. 1). In Gines' amended complaint (Doc. 36), he for the first time alleged breach of contract. Gines failed to attach the contract to either his amended complaint or in his opposition memoranda to Horton's motion to dismiss. In short, Gines wishes for the Court to reconsider its ruling that the NHWA provides the sole remedy for his complaint against Horton by referring to the express terms of the contract even though he failed to attach the contract to any of his pleadings or motions. The contract at issue was attached to Horton's removal motion (Doc. 2-5), but for the limited purpose of establishing the amount in controversy met the requirements of diversity jurisdiction sufficient to invoke the removal statute. Because Gines wishes for the Court to do what Gines has implicitly prohibited the Court from doing, that fact alone is grounds for denying his motion for reconsideration.

To be clear, Gines' reference to the terms of the contract as a grounds for expanding the baseline NHWA warranty is meritless. He asserts that the following language creates an express warranty which goes above the floor set by the NHWA: "Seller agrees to build the house in accordance with industry standard building

practices substantially in compliance with plans and specification agreed to by Seller and Buyer. . . ." (Contract of Sale, Doc. 2-5, p. 2, ¶ 6). Of course, referring to the express terms of the contract would require the Court to refer to <u>all</u> the terms of the contract. Horton points to a more compelling passage, which reads:

> BUYER HAS BEEN PROVIDED A COPY OF THE LOUISIANA NEW HOME WARRANTY ACT (LA. REV. STAT. 9:3141, ET SEQ) AND HAS READ AND UNDERSTANDS THE PROVISIONS THEREOF. BUYER ACKNOWLEDGES THAT THE LOUISIANA NEW HOME WARRANTY ACT IS PROVIDED IN LIEU OF ALL OTHER WARRANTIES, ORAL AGREEMENTS, OR REPRESENTATIONS, AND SELLER MAKES NO WARRANTY, EXPRESSED OR IMPLIED, AS TO THE QUALITY, FITNESS FOR A PARTICULAR PURPOSE, MERCHANTABILITY, OR OTHERWISE, EXCEPT AS IS EXPRESSLY SET FORTH IN THE LOUISIANA NEW HOME WARRANTY ACT.

(Contract of Sale, Doc. 2-5, p. 2, ¶ 13) (all caps in original). It is adamantly clear that, regardless of whether the Court refuses to refer to the contract (and thus stands on its original ruling) or invokes the terms of the contract (thus reconsidering according to Gines' motion), the decision to grant Horton's motion to dismiss remains sound.

## CONCLUSION AND ORDER

Accordingly, the motion for reconsideration is hereby DENIED.

Baton Rouge, Louisiana, <u>October 20, 2011</u>.

<u>                                  </u>
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA